UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDALL HOLL,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED PARCEL SERVICE, INC.,<br><br>    Defendant. | Case No.16-cv-05856-HSG<br><br>**ORDER DENYING MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 42 |

On November 1, 2017, Plaintiff Randall Holl requested leave to file a motion for reconsideration of the Court's order granting Defendant United Parcel Service, Inc.'s motion to compel arbitration. Dkt. No. 42 ("Mot."). In that order, the Court "stay[ed] the case pending completion of arbitration." Dkt. No. 41 at 10. Despite clear Ninth Circuit authority holding that the Federal Arbitration Act "*requires* federal district courts to *stay* judicial proceedings and compel arbitration of claims covered by a written and enforceable arbitration agreement," *Nguyen v. Barnes & Noble Inc.*, 763 F.3d 1171, 1175 (9th Cir. 2014) (emphasis added), Plaintiff contests the Court's decision to stay the case because he "seeks to pave the way for an immediate appeal to the Ninth Circuit," *see* Mot. at 1. Plaintiff accordingly requests that the Court either "modify[] its order to dismiss the case (rather than stay[] the case)" or "certify[] its order for appeal pursuant to 28 U.S.C. § 1292(b)." *See id.* The Court declines to do so and denies his motion.

A party seeking reconsideration of an interlocutory order must "show reasonable diligence in bringing the motion" and—as relevant here—"a manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before" issuance of the challenged order. Civil L.R. 7-9(b)(3). Plaintiff contends that "it is unclear whether the Court considered [his] argument that dismissal would be the appropriate remedy if Defendants'

motion [to compel arbitration] were granted"—an argument that Plaintiff relegated to the final footnote in his opposition. *See* Dkt. No. 29 at 24 n.30. But the standard requires a *manifest* failure by the Court to consider a dispositive argument, and a purported ambiguity as to whether the Court did so is insufficient on its face. Even if that were sufficient, however, the argument Plaintiff refers to stated only that "[t]he Ninth Circuit . . . has held that courts have discretion under 9 U.S.C. § 3 to dismiss claims that are subject to an arbitration agreement." Dkt. No. 29 at 24 n.30 (citing cases). An argument that courts have discretion to dismiss rather than stay claims in this context does not evince a manifest failure by the Court to consider a dispositive legal argument. At best, it simply means that this Court had the option of dismissing the case but could still elect to impose a stay.

Plaintiff uses the remainder of his motion to argue that certification, and subsequently an "immediate appeal to the Ninth Circuit [would] materially advance the resolution of this litigation." *See* Mot. at 3-4. But the Court is not persuaded that the question posed by Plaintiff—which involves interpretation of the language of the parties' arbitration agreement—"involves a controlling question of law as to which there is substantial ground for difference of opinion." *See* 28 U.S.C. § 1292(b). Moreover, the Court notes that under Federal Rule of Civil Procedure 41(a)(2), Plaintiff is free to voluntarily dismiss this action if he wishes to proceed immediately to an appeal. *See Romoland Sch. Dist. v. Inland Empire Energy Ctr., LLC*, 548 F.3d 738, 748 (9th Cir. 2008).

Accordingly, for the foregoing reasons, Plaintiff's motion for leave is **DENIED**.

**IT IS SO ORDERED.**

Dated: 1/22/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge