UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDALL HOLL,<br><br>   Plaintiff,<br><br> v.<br><br>UNITED PARCEL SERVICE, INC.,<br><br>   Defendant. | Case No.16-cv-05856-HSG<br><br>**SUPPLEMENTAL ORDER ADDRESSING PLAINTIFF'S PETITION FOR A WRIT OF MANDAMUS**<br><br>Re: Dkt. No. 49 |

The Court enters this supplemental order in response to the May 24, 2018 order of the United States Court of Appeals for the Ninth Circuit. *See* Dkt. No. 49.

## I. BACKGROUND

In October 2016, Plaintiff Randall Holl filed a putative class action complaint against Defendant United Parcel Service, Inc. *See* Dkt. No. 1. The complaint alleges that Defendant violated the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.*, and the Interstate Commerce Act, 49 U.S.C. § 13708(b), and asserts federal and state law unjust enrichment claims. *Id.* In December 2016, Defendant filed a motion to compel arbitration and stay the litigation. Dkt. No. 23. Defendant's motion sought only a stay, not a dismissal. *Id.* at 16 ("Upon compelling arbitration, the Court should stay this action, consistent with Section 3 of the FAA."). Plaintiff's opposition on this point was limited to a footnote on the last page of his brief, in which he cited authority from this Circuit recognizing that "courts have discretion under [Section 3] to dismiss claims that are subject to an arbitration agreement." Dkt. No. 29 at 24 n.30. Plaintiff then simply asserted that "[i]f this Court grants UPS's motion, dismissal is the appropriate remedy," without explaining why. *Id.* In its reply, Defendant restated its request for a stay, and did not respond to the request for dismissal. Dkt. No. 32 at 15 (asking the Court to

1  "compel Plaintiff to arbitrate his claims, as he agreed to do, . . . and stay the proceedings while the

2  parties pursue arbitration"). The Court granted Defendant's motion to compel arbitration and stay

3  the case. Dkt. No. 41.

4  Plaintiff then sought leave to file a motion for reconsideration, arguing that the Court

5  should have dismissed the case instead of staying it. *See* Dkt. No. 42 at 3. Alternatively, Plaintiff

6  contended that the Court should certify the matter for interlocutory review under 28 U.S.C. §

7  1292(b). *See id.* Defendant opposed the request for certification. Dkt. No. 44 at 1. As to the

8  request for dismissal, Defendant responded, without further elaboration, that "if the Court is

9  inclined to permit Plaintiff to pursue an immediate appeal, UPS does not oppose Plaintiff's request

10  that the Court modify its Order for the limited purpose of dismissing rather than staying this case."

11  *Id.* The Court denied the motion for leave, noting that if Plaintiff wished to expedite the appellate

12  process, he could voluntarily dismiss his action under Federal Rule of Civil Procedure 41(a)(2).

13  Dkt. No. 46 at 2.

14  Plaintiff now has filed a petition for a writ of mandamus. *See* Dkt. No. 47. On May 24,

15  2018, the Ninth Circuit determined that Plaintiff's petition raised issues warranting an answer.

16  Dkt. No. 49 at 1. In addition to directing Defendant to file an answer, the Ninth Circuit provided

17  this Court the opportunity to address the petition if it wished to do so. *Id.*

18  **II.    DISCUSSION**

19  Plaintiff "seeks a writ of mandamus directing the district court to vacate its order

20  compelling arbitration and enter an order denying defendant United Parcel Service, Inc.'s motion

21  to compel arbitration." Pet. for Writ of Mandamus to the U.S. Dist. Court for the N. Dist. of Cal.

22  ("Pet."), at 1, *In re: Randall Holl*, No. 18-70568 (9th Cir. Feb. 28, 2018). Plaintiff casts the issue

23  presented as "[w]hether the district court correctly applied the rules of contract formation when it

24  concluded that an agreement to arbitrate existed between the parties." *See id.* On this substantive

25  question, the Court has nothing to add to its order granting Defendant's motion to compel

26  arbitration. But the Court does wish to respond to Plaintiff's assertions that (1) the Court's

27  exercise of its discretion to stay rather than dismiss the case was based on an "incorrect[]" reading

28  of the law, Pet. at 11, and (2) the Court's statement "that a party challenging an order compelling

2

arbitration and staying the action may proceed immediately to a direct appeal by simply dismissing his claims under Rule 41 . . . is legally incorrect," *id.* at 12 n.3.

As to the first point, the Court's order denying leave to seek reconsideration, which cited *Nguyen v. Barnes & Noble Inc.*, 763 F.3d 1171, 1175 (9th Cir. 2014), did not make a "claim." *See* Pet. at 11. Instead, it quoted, verbatim, binding circuit precedent. *See* Dkt. No. 46 at 1. Plaintiff does not argue that the Court inaccurately quoted *Nguyen*, or that *Nguyen* in turn inaccurately cited Section 3 of the FAA. *See* 763 F.3d at 1175. In any event, the Court recognized that dismissal could be granted as a matter of discretion, but found that Plaintiff failed to show any manifest failure to consider his argument (raised in passing in a footnote at the very end of his opposition brief) so as to warrant reconsideration. *See* Dkt. No. 46 at 1-2. The Court's order compelling arbitration was unambiguous, and granted the precise relief that the moving party had requested: a stay. *See Bushley v. Credit Suisse First Boston*, 360 F.3d 1149, 1153 and n.1 (9th Cir. 2004) (urging district courts "to be as clear as possible about whether they truly intend to dismiss an action or mean to grant a stay," and noting that "[u]nnecessary delay of the arbitral process through appellate review is disfavored") (citation omitted). The Court thus found that Plaintiff failed to meet his burden of showing that reconsideration was warranted under this district's local rules.

As to the second point, the Court submits that a close reading of Plaintiff's footnote 21, and the cases cited in it, does not establish that the statement that Plaintiff could have voluntarily dismissed his case if he wanted to appeal immediately was "legally incorrect." Pet. at 12 n.3 and 29 n.21. The Ninth Circuit has "repeatedly recognized that voluntary dismissals with prejudice that produce an adverse final judgment may be appealed." *Ward v. Apple Inc.*, 791 F.3d 1041, 1045 (9th Cir. 2015) (citing authorities); *see also Romoland Sch. Dist. v. Inland Empire Energy Ctr.*, 548 F.3d 738, 748 (9th Cir. 2008) (reasoning "that allowing appeal of voluntary dismissals with prejudice is not likely to undermine our normal appellate practice by encouraging a flow of appeals that are quasi-interlocutory in nature") (citation and internal quotations marks omitted).

In 2017, the Supreme Court stated a different rule applicable to orders denying class certification, holding that "[p]laintiffs in putative class actions cannot transform a tentative

3

interlocutory order into a final judgment within the meaning of § 1291 simply by dismissing their claims with prejudice—subject, no less, to the right to 'revive' those claims if the denial of class certification is reversed on appeal." *Microsoft Corp. v. Baker*, 137 S. Ct. 1702, 1715 (2017) (internal citations omitted). Plaintiff asserts that lower courts have "uniformly applied" the principles set forth in *Baker* "in the arbitration context, holding that litigants may not directly appeal an otherwise non-reviewable interlocutory order compelling arbitration by voluntarily dismissing their own claims." *See* Pet. at 29 n.21. In support of that definitive assertion, he cites a single unpublished Second Circuit case. That case, *Bynum v. Maplebear Inc.*, 698 F. App'x 23, 24 (2d Cir. 2017), held that plaintiffs "cannot circumvent" the FAA's prohibition against appeal of an order granting a motion to compel arbitration and staying proceedings "by agreeing to dismiss their claims rather than proceed to arbitration." *Bynum* in turn relied on a published Second Circuit case, *Katz v. Cellco Partnership*, 794 F.3d 341 (2d Cir. 2015), which Plaintiff does not cite in the Petition.[1] *See* 698 F. App'x at 24. A review of *Katz* makes clear that these cases followed a rule that simply does not apply in the Ninth Circuit.

In *Katz*, the district court granted a motion to compel arbitration and dismissed the action, rather than staying it. 794 F.3d at 344. The Second Circuit explained that the question of "whether district courts retain the discretion to dismiss an action after all claims have been referred to arbitration, or whether they must stay proceedings, remains unsettled." *Id.* The court noted that the "Courts of Appeals are about evenly divided" on this question, with several circuits holding or implying "that a stay must be entered," while others—including the Ninth Circuit— "have suggested that the district courts enjoy the discretion to dismiss the action." *Id.* at 345 (citing authorities). The Second Circuit "join[ed] those Circuits that consider a stay of proceedings necessary after all claims have been referred to arbitration and a stay requested." *Id.* Accordingly, in *Katz*, the Second Circuit interpreted the FAA to "explicitly den[y] the right to an immediate appeal from an interlocutory order that compels arbitration or stays proceedings." *Id.*

---

[1] Plaintiff did not cite *Bynum* or *Katz* in any of its filings in this Court. *See* Dkt. No. 29 (opposition to Defendant's motion to compel); Dkt. No. 42 (motion for leave to seek reconsideration).

4

at 346 (citing 9 U.S.C. § 16(b)(1)-(2)); *see also id.* ("The dismissal of an arbitrable matter that properly should have been stayed effectively converts an otherwise-unappealable interlocutory stay order into an appealable final dismissal order.").

But of course *this* Circuit has held that courts *do* have discretion under Section 3 to dismiss claims that are subject to an arbitration agreement. *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1988)); *see also Kam-Ko Bio-Pharm Trading Co. Ltd-Australasia v. Mayne Pharma (USA) Inc.*, 560 F.3d 935, 940 (9th Cir. 2009) ("If the court finds that an arbitration clause is valid and enforceable, the court should stay or dismiss the action to allow the arbitration to proceed.") (citation omitted); *MediVas, LLC v. Marubeni Corp.*, 741 F.3d 4, 9 (9th Cir. 2014) (articulating this Circuit's "preference for staying an action pending arbitration rather than dismissing it").[2]

Plaintiff's claim that *Bynum* establishes that he could not voluntarily dismiss his case in order to immediately appeal the Court's order granting the motion to compel arbitration thus ignores the circuit split described in *Katz*. The holdings in *Bynum* and *Katz* were based on the Second Circuit's finding that Section 3 mandates imposition of a stay, and prohibits dismissal. This Court sees nothing in those cases establishing that it was "legally incorrect" to point out that Plaintiff had the option of voluntarily dismissing his lawsuit under the law of *this* Circuit. Indeed, it remains unclear to the Court why Plaintiff so adamantly wanted the *Court* to dismiss his case (even though Defendant never sought that remedy), but now argues that he would be prejudiced if he *chose* to dismiss the case to facilitate an immediate appeal. *Bynum* cannot answer that question, for the reasons explained above, and Plaintiff provides no other support for his categorical assertion that "[l]ower courts have uniformly . . . [held] that litigants may not directly appeal an otherwise non-reviewable interlocutory order compelling arbitration by voluntarily dismissing their own claims." *See* Pet. at 29 n.21.

---

[2] The *MediVas* court noted in a footnote that a dismissal allowing immediate appeal "might be appropriate" "when the practical realities of arbitration and litigation suggest either that no arbitration will actually take place or that the arbitration will be so different in character as to make staying the original action useless." 741 F.3d at n.4. Plaintiff did not cite *MediVas* in any of his filings in this Court. *See* Dkt. Nos. 29 and 42.

5

The Clerk is directed to serve a copy of this Supplemental Order on the United States Court of Appeals for the Ninth Circuit.

**IT IS SO ORDERED.**

Dated: 6/7/2018

                                             HAYWOOD S. GILLIAM, JR.
                                             United States District Judge